■ In the Matter of EDMOND W. BECKER, Petitioner, v. C. V. R. SCHUYLER, as Commissioner of Office of General Services, et al., Respondents.— *Per Curiam.* Proceeding under article 78 of the CPLR to review a determination of respondent Commissioner of the Office of General Services of the State of New York which dismissed petitioner from his position as senior property manager, upon finding him guilty of the following charge: "After repeated warnings, you continued to commit acts of disrespect, disloyalty and disobedience, offensive to your superiors, your fellow employees and casting discredit upon the office of general services." The charge was supported by 18 specifications. As respects three of them petitioner was found not guilty. The remaining 15 specifications were found to have been established and, indeed, on the hearing were in large part conceded or at least not controverted, although petitioner does characterize them as inconsequential and contends that they are not of sufficient gravity to constitute misconduct. The hearing officer, who was not associated with respondent Commissioner's department, correctly found that petitioner for three years "indulged repeatedly, deliberately, and at times even maliciously in statements, remarks and actions * * * disloyal to his superior * * * disrespectful and critical of his administration of OGS, and personally insulting to superiors and subordinates alike * * * beyond the bounds of propriety and all provocation", and this despite "ample warning, direction and counselling with respect to his attitudes and behavior." The record sustains not only the hearing officer's conclusion that petitioner's "disloyal, disrespectful and offensive" conduct caused "unusual conflicts and tensions in the Bureau" but the determination of the Commissioner (in disapproving the recommendation that petitioner be demoted three grades and imposing instead the penalty of dismissal) that petitioner's "attitudes and actions * * * as found by the Hearing Officer" rendered petitioner "no longer fit to perform the duties, either of his present position or of any other position in the Office of General Services to which he might be demoted." It is important to note, first, that quite aside from the internal disruptions for which petitioner was responsible, his proven remarks and innuendos in the

course of his handling of departmental business with persons dealing with the State, although quite obviously inspired by rancor, were reckless and damaging to the good name of the department, if nothing more; and, second, that on the hearing, at which he testified at length, petitioner made not the slightest attempt to demonstrate their truth, or any jusification for them, and, in one instance at least, again voiced unsupported innuendo tending to discredit the department in which he had been a responsible official. We agree with petitioner's contention that he was not to be "subjugated" to his superior; but it seems equally clear that if he chose, by innuendo or otherwise, to assail his superior's conduct of his office or to impugn his probity, to the discredit of the service, he should have been prepared to substantiate his accusations. Under all the circumstances disclosed by this record, it cannot reasonably be found that the penalty imposed was so shocking as to warrant our interference with it. Determination confirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.